IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00512-KDB-SCR

| | |
|---|---|
| ANDREW DIXON,<br><br>Plaintiff,<br><br>v.<br><br>JALPA PATEL,<br>JORGE SANTIAGO,<br>JACK MORAN,<br>JOHNNY JENNINGS, AND<br>KYLE BROWN,<br><br>Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion for Taxing of Costs of Previously Dismissed Action and for a Stay (the "Motion") (Doc. No. 2). On August 27, 2025, the Court issued an Order to Show Cause, directing Plaintiff to respond to the Motion on or before September 5, 2025 (Doc. No. 8). Despite the Order, Plaintiff has not responded to Defendants' Motion, and the time to do so has elapsed. After carefully considering the Motion and supporting memorandum, and for good cause shown, the Court will **GRANT** the Motion.

According to Defendants, on January 9, 2025, Plaintiff filed his Complaint in the Superior Court of Mecklenburg County, North Carolina, alleging malicious prosecution and violations of his Fourth, Eighth, and Fourteenth Amendment rights. *See* 3:25-cv-110 Doc. No. 1-1 at 3-4. Defendants removed the matter to federal court on February 14, 2025. *See id.* at Doc. No. 1. On February 24, 2025, Plaintiff voluntarily dismissed all his claims without prejudice. *See id.*

On or about June 10, 2025, Plaintiff filed a new complaint, alleging the same claims against the same defendants in the Superior Court of Mecklenburg County, North Carolina. *Compare* Doc.

1

No. 1, *with* 3:25-cv-110 Doc. No. 1-1. On July 15, 2025, Defendants again removed the matter to federal court. *Id.* Defendants also filed the instant Motion, seeking recovery of the $405 filing fee incurred in the first action, pursuant to Rule 41(d).[1] *See* Fed. R. Civ. P. 41(d) ("If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.").

"A court's decision to award costs pursuant to Rule 41(d) is discretionary." *Sampson v. Beneficial Fin. I, Inc.*, No. 3:19CV157, 2019 WL 5232616, at *3 (E.D. Va. Oct. 16, 2019) (citing *Andrews v. America's Living Ctrs., LLC*, 827 F.3d 306, 312 (4th Cir. 2016)). Importantly, Rule 41(d) exists "to serve as a deterrent to forum shopping and vexatious litigation." *Id.* (quoting *Andrews*, 827 F.3d at 309) (additional citations omitted). "Vexatious means 'without reasonable or probable cause or excuse.'" *Andrews*, 827 F.3d at 312 (quoting *In re 1997 Grand Jury*, 215 F.3d 430, 436 (4th Cir. 2000)). "A determination that a plaintiff has acted vexatiously turns on the facts of the case and the court's own assessment of the plaintiff's behavior." *Sampson,* 2019 WL 5232616, at *3 (quoting *Andrews*, 827 F.3d at 313).

In determining whether costs under Rule 41(d) are appropriate, courts will look to whether the later filed action "is based on or includ[es] the same claim against the same party-defendant." *Snyder v. Greenberg Traurig, LLP*, No. 1:08CV1270(GBL), 2009 WL 10730866, at *7 (E.D. Va. Oct. 9, 2009) (quoting *Esposito v. Piatrowski,* 223 F.3d 497, 499 (7th Cir. 2000)) (internal quotations and additional citations omitted). "Although bad faith is not required to award costs

---

[1] *See Cisneros v. Andrews & Lawrence Prof'l Servs., LLC,* No. PWG 18-CV-3236, 2022 WL 3227551, at *4 (D. Md. Aug. 10, 2022) (explaining the "plain text of Rule 41(d) suggests that it … applies when the second action is an action in federal court ..."); *Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When a state court action is removed to federal court, the removal is treated as if the original action had been commenced in federal court.").

under Rule 41(d)," *id.* (citing *Rogers v. Wal- Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000)), "a good faith reason for the dismissal may provide strong grounds for denying a Rule 41(d) motion." *Id.* (citing *Beam Laser Sys. v. Cox Communs., Inc.*, 117 F. Supp. 2d 515, 520 (E.D. Va. 2000)). For example, when a plaintiff refiles their lawsuit and adds or amends factual allegations in an attempt to strengthen their case, they are not acting vexatiously. *See Costin v. Ally Bank Corp.,* No. 7:13-CV-113-BO, 2013 WL 5603230 (E.D.N.C. Oct. 11, 2013) (denying a motion for fees and a stay when the refiled matter contained new factual allegations).

Here, Plaintiff has filed an identical complaint and both Plaintiff's notarized affidavit and the date of the attorney's signature are unchanged. Plaintiff has offered no good faith reason (or indeed, any reason) for voluntarily dismissing his first action and has ignored the Court's Order to Show Cause. Therefore, Plaintiff will be ordered to reimburse Defendants for the $405 filing fee incurred in the first action and the matter will be stayed for 30 days until Plaintiff complies. If Plaintiff does not reimburse Defendants as ordered within 30 days, then this action shall be dismissed for failure to prosecute in the absence of a showing of good cause why the action should not be dismissed.

## I. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion for Taxing of Costs of Previously Dismissed Action and for a Stay (Doc. No. 2) is **GRANTED;**

2. Plaintiff is ordered to reimburse Defendants for the $405 filing fee incurred in the first action;

3. The matter is **STAYED** until Plaintiff complies; and

4. If Plaintiff does not reimburse Defendants as ordered within 30 days, then the Clerk is directed to dismiss this action for failure to prosecute in the absence of a showing of good cause why the action should not be dismissed.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 15, 2025

Kenneth D. Bell
United States District Judge

4

Case 3:25-cv-00512-KDB-SCR    Document 12    Filed 09/15/25    Page 4 of 4