IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00512-KDB-SCR

| | |
|---|---|
| ANDREW DIXON,<br><br>Plaintiff,<br><br>v.<br><br>JALPA PATEL,<br>JORGE SANTIAGO,<br>JACK MORAN,<br>JOHNNY JENNINGS, AND<br>KYLE BROWN,<br><br>Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (Doc. No. 9) for failure to serve Defendants in their individual capacities. However, after carefully considering this motion and all the attendant circumstances, the Court will **DENY** the motion without prejudice and allow Plaintiff a short period of additional time to serve Defendants.

I.     LEGAL STANDARD

Prior to the exercise of personal jurisdiction, a Plaintiff must satisfy the procedural requirement of service of a summons. *Omni Capital Int'l, Ltd.*, 484 U.S. at 104; *see also ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 620 (4th Cir. 1997) ("a federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." *Id.*

1

Absent waiver of service of process or consent, the failure to obtain proper service of process–even if the defendant gains actual notice–deprives the court of personal jurisdiction over a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984); *Thomas & Howard Co. v. Trimark Catastrophe Servs.*, 564 S.E.2d 569, 572 (2002) ("While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party.").

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or form of the process itself, while a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of service of process. *See* Fed. R. Civ. P. 12(b)(4), (b)(5). In essence, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. *See, e.g.*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

Once the sufficiency of process or service of process is challenged by a motion to dismiss, Plaintiff bears the burden of establishing process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (*per curiam*) (internal citation omitted); *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

However, "under [Fed. R. Civ. P.] Rule 4(m), a district court possesses discretion to grant [a] plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule." *Gelin v. Shuman*, 35 F.4th 212, 219–20 (4th Cir. 2022). *See also Harris v. S. Charlotte Pre-Owned Auto Warehouse, LLC*, No. 3:14-CV-00307-MOC, 2015 WL 1893839, at

*5 (W.D.N.C. Apr. 27, 2015) (citing *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993)) ("Federal courts are here to resolve cases on the merits, to avoid procedural defaults whenever possible, and to issue the sanction of dismissal only in extreme cases of plaintiff misconduct.").

## II. FACTS AND PROCEDURAL HISTORY

On January 9, 2025, Plaintiff filed his Complaint in the Superior Court of Mecklenburg County, North Carolina, and in early February, Defendants removed the case to Federal court. Doc. No. 2 at 1. Ten days later, Plaintiff voluntarily dismissed the matter. *Id.* at 2. In June 2025, Plaintiff filed a second, identical Complaint in the Superior Court of Mecklenburg County, North Carolina. Doc. No. 1 at 1. *See also* Doc. No. 1, 3:25-cv-110. On July 15, 2025, Defendants again removed the case to Federal court. *Id.*

On September 11, 2025, Defendants moved to dismiss the claims against them in their individual capacities, alleging that Plaintiff failed to serve them *See* Doc. No. 10. Plaintiff has responded and the matter is ripe for this Court's review.

## III. DISCUSSION

While Defendants do not challenge service of process in their official capacities, and clearly have actual knowledge of the proceeding, they allege that Plaintiff has failed to serve them in their individual capacities and ask the Court to dismiss the matter accordingly. In his response, Plaintiff concedes that he has not served Defendants in their individual capacities and further provides no rationale for the failure. Instead, he asks the Court to direct him to properly serve the individual defendants.

The Federal Rules of Civil Procedure provide clear direction on service of process. Plaintiff need not (and indeed, should not) wait for the Court to direct him to properly serve defendants.

3

This is the second time Plaintiff has initiated this (identical) action, and he has offered no justification for his failure to adhere to procedural requirements. Nevertheless, while the Court could dismiss the matter for insufficient service, it will exercise its discretion to extend the time for service under Rule 4(m). In so doing, the Court is guided by the principle that cases should be resolved on their merits rather than on procedural technicalities, particularly where, as here, Defendants have actual notice of the litigation and will not be prejudiced by a brief extension. Accordingly, Plaintiff is directed to properly serve Defendants in their individual capacities within fourteen (14) days of the date of this Order.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 9) is **DENIED** without prejudice; and

2. Plaintiff is directed to effect service on Defendants in their individual capacities and file the required proof of service with the Court within fourteen (14) days.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 9, 2025

Kenneth D. Bell
United States District Judge