IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00512-KDB-SCR

| | |
|---|---|
| ANDREW DIXON,<br><br>Plaintiff,<br><br>v.<br><br>JALPA PATEL, JORGE SANTIAGO, JACK MORAN, JOHNNY JENNINGS, AND KYLE BROWN,<br><br>Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendants' renewed Motion to Dismiss (Doc. No. 23) for Lack of Service of Process. The Court has carefully considered this motion—to which Plaintiff Andrew Dixon has not responded—as well as Defendants' supporting brief and exhibits. For the reasons discussed briefly below, the Court will **GRANT** the motion.

Dixon initiated this action against Defendants, all Charlotte Mecklenburg Police Department ("CMPD") personnel, in their individual and official capacities, alleging violations of his state and federal constitutional rights arising from his 2020 arrest. Doc. No. 1 at ¶¶ 7-9. On September 11, 2025, Defendants moved to dismiss the claims against them in their individual capacities for insufficient service of process. Doc. No. 9. Although Dixon failed to file proof of service and conceded in his response that service had not been effected, the Court denied the motion without prejudice and afforded Plaintiff two weeks to properly serve Defendants and file proof thereof. *See* Doc. No. 15. Plaintiff subsequently filed a proof of service on October 21, 2025, and Defendants renewed their motion to dismiss. *See* Doc. Nos. 17-23.

1

Under Federal Rule of Civil Procedure 4(e), service upon an individual may be accomplished by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

North Carolina law likewise permits service upon a natural person "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. R. Civ. P. 4(j)(1)(c).

Dixon has complied with neither the federal nor state requirements. Rather, he delivered the summons and complaint for each Defendant to a CMPD liaison at the Mecklenburg County Courthouse. *See* Doc. Nos. 17-22. The CMPD liaison is not authorized to accept service of process on behalf of police personnel in their individual capacities. Doc. No. 24-1. Accordingly, Dixon has failed to effect proper service of process, and Defendant's renewed Motion to Dismiss (Doc. No. 23) is **GRANTED**.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 4, 2025

*/s/ Kenneth D. Bell*

Kenneth D. Bell
United States District Judge

2

Case 3:25-cv-00512-KDB-SCR    Document 25    Filed 12/04/25    Page 2 of 2